## S94Y0963. IN THE MATTER OF MARTIN ERIC OSBORNE.
(442 SE2d 743)

PER CURIAM.

The State Bar of Georgia, combining three separate grievances from former clients, filed a formal complaint against Respondent Martin Eric Osborne after Osborne failed to respond to the Investigative Panel's Notices of Investigation. The Bar alleged that, in the three cases, Osborne violated Standards 4 (engaging in professional conduct involving fraud, dishonesty, etc.), 22 (failing to return all papers and properties of client upon withdrawal from representation), 44 (wilfully abandoning a client's legal matter), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d).

In State Disciplinary Board Docket No. 2588, the Bar alleged that Clifford A. Lock hired Osborne to incorporate a business and to apply to the IRS to have the corporation designated as a 501 (c) (3) nonprofit organization. Lock paid Osborne $500 as a retainer fee. Subsequently, Lock and Osborne met on several occasions in which Osborne repeatedly told Lock that he had completed the process of incorporating the company and had filed the necessary forms with the IRS. Lock thereby conducted his business for several months based upon his belief that the company was a legal entity. However, Lock subsequently discovered that Osborne had not incorporated the company nor filed the necessary documents with the IRS. Upon repeated requests, Osborne failed to refund any portion of the $500 retainer fee.

The State Bar also alleged that, in State Disciplinary Board Docket No. 2587, Osborne was hired to handle a real estate closing in which Susan Henley sold property to Calvin Simon. After the closing, Osborne agreed to record the newly executed deeds with the appropriate clerk's office, and to remit the loan assumption documents executed at the closing to the finance company. Several months later, Henley discovered that Osborne had neither recorded the deeds nor remitted the loan assumption documents.

The State Bar further alleged that, in State Disciplinary Board Docket No. 2586, Osborne was hired as personal and corporate attorney for Arthur J. Hightower, Sr., and various businesses owned by Hightower. Hightower provided Osborne with original documents and records of the businesses for Osborne to file for incorporation. Osborne neither filed for incorporation nor returned the documents.

The State Bar attempted to personally serve Osborne with the formal complaint. However, the complaint was returned, indicating that Osborne had moved without leaving a forwarding address. The State Bar then served Osborne by registered mail to his last address as contained in the Bar records. The registered mail envelope was returned. The State Bar filed a motion for default, in which Osborne failed to respond.

The special master, finding each of the alleged facts as true, concluded that Osborne violated Standards 22, 44 and 68. Noting that Osborne appears to have disappeared and completely abandoned his practice, the special master recommended that he be disbarred from the practice of law in Georgia. The review panel agrees, and moves this Court to disbar Osborne accordingly.

Upon consideration of the record in this case, this Court hereby accepts the review panel's recommendation. It is hereby ordered that Osborne is disbarred from the practice of law in Georgia. Osborne is reminded of his duties under Bar Rule 4-219 (c) and must certify to this Court that he has satisfied the requirements of such rule.

*All the Justices concur.*

DECIDED MAY 9, 1994.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel*, for State Bar of Georgia.